O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORE ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>L.S. McEWEN, Warden,<br><br>Respondent. | Case No. EDCV 10-0782-CAS (JEM)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On May 27, 2010, Sanfore Anderson ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 ("Petition"). On September 21, 2010, Respondent filed an Answer and lodged the pertinent state records. On October 6, 2010, Petitioner filed a Reply.

On June 19, 2013, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice.

On June 27, 2013, Petitioner filed a "Motion for Stay and Abeyance to Present Unexhausted Claim and New Evidence in State Court" ("Motion").

On August 5, 2013, Petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In his Motion, Petitioner requests that the Court stay this matter in order for him to return to state court to exhaust the following three claims: (1) the prosecutor committed misconduct

1 when he advanced the theory that Petitioner could be found guilty <u>inter alia</u> for aiding and abetting Erin Decker ("Erin") in the murder of Paula Decker ("Paula"), which was inconsistent with Erin's prior conviction as an accessory after the fact to Paula's murder, and the prosecutor thus "deceptive[ly]" argued "something he did not believe", <u>i.e.</u>, that Erin was the direct perpetrator of Paula's murder, to secure Petitioner's conviction (Claim One), (Motion at 4-14); (2) Petitioner's trial counsel provided ineffective assistance when he failed to impeach the jailhouse informant's testimony of Petitioner's confession to him that he murdered Paula, allegedly premised on their fraternization based on common gang affiliation, through either a stipulation from the prosecution that it had no evidence of Petitioner's gang membership, or evidence contained in Petitioner's Department of Corrections ("CDC") Central File indicating that Petitioner had "no gang affiliation" (Claim Two), (Motion at 15-17); and (3) the trial court committed prejudicial misconduct when it expressed dissatisfaction with the evidentiary rulings made by the judge in Petitioner's prior trials and with the prosecutor's decisions regarding presentation of witnesses, and offered the prosecutor "helpful hints" concerning the presentation of evidence that were designed to help secure Petitioner's conviction (Claim Three), (Motion at 18-20). For the following reasons, Petitioner's Motion is denied.

As an initial matter, Petitioner did not file this Motion until more than three years after he filed his Petition. Petitioner's only explanation for this delay is that he "just bec[a]me aware of the Court's decision in <u>Cullen v. Pinholster</u>, – U.S – , 131 S.Ct. 1388 . . . (2011)[.]"[1] Because Petitioner failed to act diligently and filed this Motion in such an untimely manner, the Motion should be denied. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. at 277-78 (a stay is only appropriate when the district court determines there are no intentionally dilatory litigation tactics by the petitioner); <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (9th Cir. 2009) ("district courts retain the same degree of discretion they had before *Rhines* to implement the *Kelly* procedure"); <u>see also</u> <u>Faulkner v. Mule Creek State Prison</u>, 2009 WL 1844329, *2 (E.D. Cal. 2009) (concluding that "because [petitioner] filed his

---

[1] Pursuant to <u>Pinholster</u>, review to determine whether a petitioner is entitled to habeas relief pursuant to 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court which adjudicated the claim(s) on the merits. <u>Id.</u> at 1400.

motion to stay in such an untimely manner, the Court exercises its discretion not to implement the *Kelly* procedure").[2]

In any event, Petitioner's motion must be denied because the claims he wishes to exhaust are either already exhausted or meritless. See Rhines, 544 U.S. at 277-278 (to support motion to stay, unexhausted claim must have merit); Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) (unexhausted claim must be valid); see also King, 564 F.3d at 1141.

Concerning Claims Two and Three, Petitioner appears to argue that these claims are unexhausted based on new factual allegations. In order to properly exhaust state remedies, the specific factual basis of the federal claim must be presented to the highest state court. See Kelly, 315 F.3d at 1067-69 (finding unexhausted ineffective assistance of counsel and prosecutorial-misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal) (overruled on other grounds); see also Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ( "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"). However, new factual allegations will render a claim unexhausted only if they "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986). Claims Two and Three are already exhausted because any new factual allegations concerning these claims contained in the Motion do not "fundamentally alter" the legal claims asserted in the Petition and already considered by the state courts.

For example, with respect to Claim Two, Petitioner references "Exhibit E" filed in support of his Motion, which is a copy of Petitioner's CDC 812 Form indicating that Petitioner had no suspected gang affiliations as of May 16, 2001. (Motion at 16.) However, Exhibit K attached to

---

[2] Because the Court finds that Petitioner's Motion should be denied under either of the two possible analyses by which to decide a motion to stay outlined by the Ninth Circuit, see King, 564 F.3d at 1138-1141 (explaining that there are two possible analyses by which to decide a motion to stay, namely the *Rhines* analysis and the *Kelly* three-step procedure), the Court need not determine what particular type of stay would be appropriate in Petitioner's case.

the Petition contains equivalent evidence of the CDC's failure to identify Petitioner as a "prison gang" member during the same period. (R&R at 59.) Moreover, the new evidence referenced in the Motion does not alter the Court's conclusion that trial counsel properly attempted to limit the jury's knowledge of Petitioner's history in prison, and introduction of the CDC file into evidence would have undermined this strategy completely. (R&R at 59.) Likewise, with respect to Claim Three, Petitioner provides a copy of a statement allegedly made by the prosecution to the press that it "had learned from past experiences" concerning the presentation of witness testimony. (Motion at 20.) However, this evidence does not alter the Court's conclusion that any comments made by the trial court concerning the presentation of evidence do not establish bias nor did they render Petitioner's trial fundamentally unfair. (R&R at 13-18.) In sum, any new factual allegations concerning Claims Two and Three do not "fundamentally alter" the legal claims asserted in the Petition and already considered by the state courts. (R&R at 10); Vasquez, 474 U.S. at 260. Accordingly, Claims Two and Three have been exhausted and presented in the Petition, and the Motion is denied as moot with respect to Claims Two and Three.

Moreover, the Motion is denied with respect to Claim One because this claim is plainly meritless. See Rhines, 544 U.S. at 277-278; Kelly, 315 F.3d at 1070; see also King, 564 F.3d at 1141. As stated by the Supreme Court, there is no clearly established federal law that supports the assertion that due process is violated if defendants are prosecuted on inconsistent theories. Bradshaw v. Stumpf, 545 U.S. 175, 190 (2005) (Thomas, J., concurring) ("This Court has never hinted, much less held, that the Due Process Clause prevents a State from prosecuting defendants based on inconsistent theories."); see Nguyen v. Lindsey, 232 F.3d 1236, 1240 (9th Cir. 2000) (recognizing that it is not per se unconstitutional for a prosecutor to present fundamentally inconsistent theories of guilt against co-perpetrators who are tried separately). Even if this were not so, Petitioner concedes that Erin pleaded guilty, (Motion at 4), therefore Erin's conviction was not obtained through a trial, and the prosecutor did not present any theory of criminal liability with respect to Erin, inconsistent or otherwise. See, e.g., Price-Mahdi v. Subia, 2010 WL 3910135, *2-*4 (N.D. Cal. 2010) (no due process violation where "[co-perpetrator] had no trial, having pleaded guilty, and therefore the prosecutor did not present any theory of criminal

liability, inconsistent or otherwise"). In any event, Petitioner points to nothing in the record to suggest that the prosecutor presented falsified evidence or acted in bad faith. (See, generally, Motion at 4-14); see Nguyen, 232 F.3d at 1240 (a prosecutor's pursuit of fundamentally inconsistent theories in separate trials against separate defendants can violate due process if the prosecutor knowingly uses false evidence or acts in bad faith). Petitioner argues merely that pursuing a theory of guilt against him that is apparently inconsistent with Erin's conviction shows bad faith. (Motion at 11-14.) Yet, as noted above, a prosecutor's pursuit of fundamentally inconsistent theories in separate trials against separate defendants does not in itself violate due process. Stumpf, 545 U.S. at 190; Nguyen, 232 F.3d at 1240. Petitioner's argument that the prosecutor acted in bad faith is unsupported. Accordingly, Claim One is plainly meritless and Petitioner's Motion is denied with respect to this claim. See Rhines, 544 U.S. at 277-78; Kelly, 315 F.3d at 1070; see also King, 564 F.3d at 1141.

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Petitioner's "Motion for Stay and Abeyance to Present Unexhausted Claim and New Evidence in State Court" is denied with prejudice.

2. Judgment shall be entered dismissing the action with prejudice.

3. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: August 26, 2013.

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE